## ALLEN *et al. v.* COLT COMPANY.

No. 8167.   JUNE 10, 1931.

*J. M. Lang,* for plaintiff in error.   *Y. A. Henderson,* contra.

BECK, P. J.   The J. B. Colt Company brought suit on two promissory notes against J. F. Allen and Mrs. Maude Allen. From the record in the case it appears that on October 23, 1928, the Allens signed a written order for the purchase of an outfit for house-lighting purposes, for the price of $335, and gave notes for that amount.   The order was executed by the credit manager of the Colt Company.   The outfit was installed in the home of the Allens on November 10, 1928, by one Sims, pursuant to a written agreement between Sims and the Allens.   This agreement is designated as an "order to installing contractor."   The defendants filed an answer, in which they admitted signing an order for a "lighting outfit," and admitted signing the notes sued on.   They alleged, however, that the agents (designated as Mr. Brown and Mr. Guinn) who procured the order represented to them that the outfit would be shipped to them on trial; that the Colt Company would take back

the goods if they proved unsatisfactory; and that one charge of 200 pounds of carbide would last from 11 to 15 months. They alleged further that subsequently to the signing of the order an agent named Sims came to install the outfit; that they informed Sims of the oral understanding with Brown and Guinn; that Sims agreed "that this was all right," and that upon Sims' representation that the notes were mere evidence that the goods had been installed they signed the notes; that after trying out the generator it proved to be unsatisfactory; that they returned the goods to the Colt Company at Atlanta; and that the consideration for the notes had failed. At the trial the defendants filed an amendment to their answer, in which they alleged that the contract of sale was procured by fraud, in that the agents, i. e., the salesmen, represented that they could have the outfit on trial; that they would not be obliged to pay for it unless it was satisfactory; that 200 pounds of carbide would supply light in their home for from 11 to 15 months; and that said representations were incorporated in the order. The defendants alleged that they were illiterate and could read but slowly, even by a bright light. With respect to the notes, they alleged that Sims, the installer, told them that J. B. Colt Company would abide by the oral agreement made with the salesmen; that because of these representations they had a right to return the goods; and that the consideration for the notes had wholly failed.

At the trial, after evidence submitted, the court directed a verdict for the plaintiff. The defendants' motion for a new trial was overruled, and they excepted.

The plaintiffs in error pleaded that the outfit which they had purchased did not fulfill the conditions which they set out in their answer as made between them and the agents with whom they had conversed and through whom the outfit was sold to them. They admitted giving the promissory notes sued on. In the written contract it was stipulated that the contract itself contained all the conditions of the agreement and contract between the plaintiff and the defendants. The defendants sought by parol to show that the contract as written was not the one which they had with the agents of the plaintiff company. The verbal contract is formally set out as if written, and is as follows:

"Calhoun, Ga., Oct. 23, 1928.

"J. B. Colt Co., Atlanta, Ga. We hereby authorize you to ship by prepaid freight to Calhoun, Ga., one carbide lighting outfit with 200 lbs. of carbide, which we agree to haul out to our premises, to be installed upon our premises and in our home at our expense, with the right to use and retain the same on trial. If for any reason we are not satisfied with this outfit and desire to return it, we are to have the right to do so at any time within 12 months from this date, with no expense to us on account of the same except the cost of installing it. If, after 12 months trial, we desire to purchase the same, we are to have the right to do so by the payment of $335.00 as the purchase-price thereof. The outfit being described as follows: 1 Colt Carbide Generator, Model S, Carbide capacity 200 lbs., with all fixtures, globes, burners, and supplies necessary for the installation and use of said outfit. 2 cans carbide, 200 lbs. You are to guarantee said plant will operate from 11 to 15 mos. on 200 lbs. of carbide; and if not, same is to be your property." Signed by Mrs. Maude Allen and J. F. Allen.

In the written contract which the defendants actually signed, the following is a part of the written agreement made by the defendants and signed by them: "It is expressly agreed by the purchaser that no solicitor, other agent, or representative of the company has made any statements, representations, or agreements, verbal or written, (1) providing for any extension of time for the payment of the note or notes or of the contract price above mentioned or any part thereof, or for any modification whatsoever in any terms of said note or notes not expressly set forth herein, or (2) as to the amount of carbide that will be required for use in or operation of the generator purchased hereunder, or (3) providing for a trial use or trial period of said generator, or any other condition than the absolute sale of said geneator and other material. And it is hereby further expressly agreed by the purchaser that this instrument contains all the terms, conditions, and agreements between the purchaser and the company, and that no solicitor, other agent, or representative of the company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms, conditions, and agreements herein set forth, or any of them, whether the same are specifically mentioned in this order or not. The company does not install the generator or

appliances. It is further understood, that, upon the acceptance of this order, the contract so made can not be altered or modified by the purchaser or by any agent of the company, or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers." The defendants also sought for reformation of the written contract actually signed by them and to substitute for said written contract the verbal contract first above quoted, which they say they had with the agents through whom they purchased.

The court did not err in directing a verdict for the plaintiff. The promissory notes and the written contract actually entered into show the agreement to be according to the written instrument. The defendants do not deny signing both notes and the written contract. If there were representations and statements made by the agents who sold the outfit to the defendants, they were merged in the written contract. Or, if these were not merged, under the terms of the written contract what was said by the agent was not binding and could not be substituted for the binding words employed in the contract. No fraud in the procurement of the notes or of the written contract is shown. The defendants do plead that the light was dim in the room where they signed, and that they could not read except by a bright light. No reason is set forth for not procuring a better light, or for not waiting until they had a light by which they could read. Under the circumstances pleaded, they were bound by the written contract. In view of the stipulation in the written contract, there was no evidence to prove a failure of consideration. It is true there was some evidence to show that the amount of carbide that would be required for use in operating the generator purchased would be greater than the amount which the agent said in their oral representation would be necessary; but in the written contract it is provided that the representations of agents or representatives of the company as to the amount of carbide necessary would not be binding on the company.

It is unnecessary to cite authorities for holding that the written contract could not be varied by the parol agreement of the agents. To hold with the defendants' contentions upon this question would be in violation of the rule that parol evidence is inadmissible to add to, take from, or vary a written contract. Questions similar to that raised by the defendants' plea in this case have been settled

by numerous decisions of this court; but they are familiar to all lawyers and need not be collected here.

Applying these rulings to the facts of this case, the court did not err in directing the verdict.

*Judgment affirmed. All the Justices concur.*